1

2

**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| MARIA HERNANDEZ-PONCE, <br><br> Plaintiff, <br><br> v. <br><br> ACCESS CAPITAL SERVICES, INC., <br><br> Defendant. | Case No. **'21CV426 L    RBB** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** <br><br> **3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

19

## COMPLAINT

20

21

22

23

NOW COMES Plaintiff MARIA HERNANDEZ-PONCE ("Plaintiff"), by and through her

attorneys, FARAH LAW, P.C., complaining as to the conduct of ACCESS CAPITAL SERVICES,

INC. ("Defendant") as follows:

### NATURE OF THE ACTION

24

25

26

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act

("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA")

27

28

1 under 47 U.S.C. §227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

2 pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California.

## PARTIES

4. Plaintiff is a disabled consumer over the age of 18 residing in San Diego County, California, which is located within the Southern District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant "is a leading full-service collection agency with a proven track record of successful debt recoveries."[1] Defendant is a corporation organized under the laws of the state of California, with its principal place of business located at 16125 East Shaw Street, Suite 137, Fresno, California 93710. Defendant's registered agent – Isabel Guerrero, is located at 1929 Prospect Street, National City, California 91950. Defendant regularly collects upon consumers residing within the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] http://www.acscollectors.com/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   In 2019, Plaintiff obtained a student loan through International Education Corporation d/b/a UEI College ("UEI").

10.   As a result of her physical disabilities, Plaintiff has been rendered unable to work, which has caused her to fall behind on her financial obligations to UEI, thus incurring debt ("subject debt").

11.   Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

12.   During the fall of 2020, Plaintiff began receiving systematic calls to her cellular phone, (619) XXX-8831, from Defendant.

13.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8831.   Plaintiff is and always has been financially responsible for the cellular phone and its services.

14.   Defendant has mainly used the phone number (855) 235-8705 when placing calls to Plaintiff's cellular phone, but upon information and belief, Defendant has used other numbers as well.

15.   Upon information and belief, the aforementioned phone number ending in -8705 is regularly utilized by Defendant during its debt collection activity.

16.   Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting a handful of seconds in length, before being connected with a live representative.

1

2

17. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

3

4

18. Plaintiff informed Defendant that she did not have the means to make payment, as her physical disabilities prevented her from working.

5

6

19. Rather than being mindful of Plaintiff's financial situation, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

7

8

9

20. Aggravated over Defendant's harassing contacts, Plaintiff demanded that Defendant stop contacting her.

10

11

21. Despite Plaintiff's demands, Defendant has continued to systematically place phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

12

13

14

22. Plaintiff has received at least 15 phone calls from Defendant since asking it to stop calling.

15

23. Seeing no end to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

16

17

24. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

18

19

20

21

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22

26. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.  Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30.  Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1993.[2]

31.  The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of FDCPA §1692c(a)(1) and §1692d**

32.  The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33.  Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 15 times after she demanded that it stop calling, in just a short period of time.  This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

---

[2] http://www.acainternational.org/search#memberdirectory

34.  Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b.  Violations of FDCPA § 1692e

35.  The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36.  In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

37.  Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff informed Defendant of her financial hardship, as well as her demands that Defendant stop contacting her, Defendant continued to place automated calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c.  Violations of FDCPA § 1692f

38.  The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39.  Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff a number of times after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

6

40.   As pled in paragraphs 23 through 26, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARIA HERNANDEZ-PONCE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41.   Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, and the fact that

7

Plaintiff has had to repeatedly say "hello" several times before a live representative begins to speak,[3] is instructive that an ATDS was being utilized to generate the phone calls.

44. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. Specifically, the near-daily calls suggests that Defendant's phone system has the capacity to randomly or sequentially generate Plaintiff's cellular phone number and dial such number automatically, rather than through some process where Defendant is actively choosing to call Plaintiff's number and subsequently initiating the calling process after determining that Plaintiff was the intended target of its phone calls.

45. Upon information and belief, the system employed by Defendant to place the phone calls to Plaintiff's cellular phone has the means to identify the owner of the number that is produced shortly after the number is produced.

46. In light of the foregoing and upon further information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* − (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

47.  Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS messages without her consent. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

---

[3] Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the conspicuous delay before being connected to a live representative. Furthermore, the ATDS employed by Defendant to contact Plaintiff's cellular phone detects when it has reached an individual's voicemail, and subsequently transfers such call to a live representative in the event Defendant's then-set calling campaign calls for leaving messages.

8

48. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

49. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARIA HERNANDEZ-PONCE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

52. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

53. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 -1788.17**

54. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

9

55. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct. Moreover, Defendant's actions were deceptive and unfair as it continued to barrage Plaintiff with collection phone calls despite having knowledge that these calls were unwanted.

56.   Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, MARIA HERNANDEZ-PONCE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.   Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.   Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.   Enjoining Defendant from further contacting Plaintiff; and

f.   Award any other relief as the Honorable Court deems just and proper.

1    Dated: March 11, 2021                    Respectfully submitted,

2

3                                             By: /s/ Neda Farah
                                              Neda Farah, Esq.
4                                             **FARAH LAW, P.C.**
                                              265 S. Doheny Dr., Suite # 102
5                                             Beverly Hills, California 90211
                                              Telephone: 310-666-3786
6                                             Facsimile: 775-261-1726
                                              E-Mail: neda@nedafarahlaw.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28